## Stewart v. Stevenson.

*Practice—Costs—Question of liability for—Tender.*
The taxation of a bill of costs does not settle the liability for the payment of costs, but merely raises the question of the correctness of the bill as filed. The question of liability may be raised by a motion to enter judgment on the verdict without costs.

Appeal from taxation of costs. C. P. Lancaster Co., Aug. T., 1921, No. 15.

*E. M. Gilbert*, for defendant and appeal; *B. F. Davis*, contra.

LANDIS, P. J., June 24, 1922.—On June 21, 1921, suit was brought by the plaintiff against the defendant to recover the value of certain potatoes sold to the defendant, and also for alleged breach of contract. Upon the trial, a verdict was rendered in favor of the plaintiff for $42.17. It is claimed that, before and upon the trial, the defendant tendered to the plaintiff the sum of $40, which he admitted was due by him.

The plaintiff filed his bill of costs, amounting to $17.82, and the defendant entered a rule to tax the same on June 3, 1922; whereupon, on that day, the prothonotary taxed the bill as filed. The defendant then appealed from this taxation, alleging that he was not liable for the costs, because he had tendered the sum of $40 prior to the beginning of the suit, and, before trial, had tendered that sum and costs.

Conceding, for the sake of the argument, that he is correct in his contention of non-liability on account of his tender, it is manifest that he is not proceeding in a proper way. The taxation of a bill of costs does not settle the question of liability for the payment of the same, but merely raises the correctness of the bill as filed. After the amount is thus ascertained, the defendant can move that judgment shall be entered without costs, and if the facts so warrant, the court can enter such a judgment.

In this case it would appear that the verdict was for a larger sum than the tender, and that it, therefore, carries with it the costs. But with this we are not now concerned, as the sole matter before us is the corectness of the taxation.

As there is nothing before us to show that the bill is not properly made up and filed, we must overrule and dismiss the appeal. Appeal dismissed.

From George Ross Eshleman, Lancaster, Pa.